```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          FRANKFORT DIVISION


IN RE:

TRINA LORRAINE BOATENG                          CASE NO. 05-30957

DEBTOR

TRINA LORRAINE BOATENG                          PLAINTIFF

v.                                              ADV. NO. 09-3002

U.S. DEPARTMENT OF EDUCATION                    DEFENDANT
```

**MEMORANDUM OPINION**

Debtor seeks to have student loans discharged pursuant to 11 U.S.C. § 523(a)(8) as an undue hardship. A trial was held on April 28, 2009, and the Court took the matter under submission, the Court hereby issues this Memorandum Opinion.

Facts

Debtor borrowed $2,625.00 in 1987 in order to attend Southwest College in San Marcos, California in a medical assistant program. She completed the program, but was unable to find a job as a medical assistant at the time.

Debtor now works at YH America, in Versailles, Kentucky performing factory work at the rate of $15.20 per hour. Over the past several months due to a poor economy, she has only been working two weeks a month. She gets unemployment compensation for the other two weeks. She also receives alimony in the amount of $760.00 a month

Debtor has two minor children that she is raising. They are both in high school and neither is employed. Neither has any special medical condition that would require additional expense or support.

Debtor is helping support a third child who is 22 years old and

has one more full year of college left before graduation. Debtor is making a monthly car payment of $320.00 for that 22 year old, and pays car insurance of $250.00 per month. She also provides that 22 year old with another $200.00 to $250.00 support monthly. So Debtor is providing the 22 year old with $770.00 to $820.00 a month in support. The 22 year old works part time at Radio Shack.

Debtor has had back problems and has lost as much as eight weeks of work at a time as a result. She has not missed any work in the last year for back problems. She has been diagnosed with two bulging discs, but needs further testing to have treatment determined.

Debtor has medical insurance for both herself and her children through her employer.

Debtor currently lives with her mother and pays her mother $300.00 a month in rent.

Debtor's Amended Schedule J shows her rent to be $650.00 a month which is incorrect. If Schedule J is corrected to show $300.00 a month rent, then Debtor will have average monthly expenses of $2,865.00 which is still considerably more than her monthly net income of $2,232.00. But if Debtor stopped supporting the 22 year old, her net income would exceed her expenses. Furthermore, Debtor testified that most of her categories of expenses were overstated on her Schedule J, so her net income may be positive or close to positive even when she supports the 22 year old. Debtor also testified that Schedule J was in part filled out by her mother and in part determined by her mother which lessens the credibility that the Court can either give Schedule J or the Debtor.

Debtor has failed to show any circumstances indicating that her current financial condition will last for a number of years.

<u>Conclusions of Law</u>

The burden is on the Debtor to show that under current circumstances her income is insufficient to support herself and her dependents while making payments on her student loans, and that additional circumstances exist that indicate that this condition is likely to continue. *See* <u>Oyler v. Education Credit Management Corp.</u>, 397 F.3d 382 (6th Cir. 2005).

The Court concludes that if the Debtor stops supporting the 22 year old that she would be able to pay her student loans. Debtor is under no legal obligation to support the 22 year old. Also, there is no evidence that either her financial condition or medical problems will continue long term.

For that reason student loans shall not be discharged pursuant to 11 U.S.C. § 523(a)(8) as an undue hardship. This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. An order of judgment for the U.S. Department of Education shall be entered separately.

COPIES TO:

Debtor
David E. Middleton, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
<u>*Joseph M. Scott*</u>
**Bankruptcy Judge**
**Dated: Friday, May 01, 2009**
**(jms)**